# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE FEGLEY<br>5526 N. 6th Street<br>Philadelphia, PA 19120<br><br>　　　　　Plaintiff,<br>v.<br><br>FLY LEGACY AVIATION LLC<br>9800 Ashton Road<br>Philadelphia, PA 19114<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Paulette Fegley (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Fly Legacy Aviation LLC (*hereinafter* "Defendant") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff is however filing her lawsuit in advance of same because she exhausted the necessary 60-day waiting period under the ADEA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADEA.

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and waiting sixty (60) days before filing the instant lawsuit.

### PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Fly Legacy Aviation LLC is a full-service aviation company headquartered at Northeast Philadelphia Airport ("PNE"), providing flight training, sightseeing, aircraft rental, and maintenance, with an address as set forth in the above-caption.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 63-year-old female

12. Plaintiff was employed by Defendant (including two predecessor companies) as a Customer Service Representative for approximately 22 years until her unlawful termination (as discussed *infra*) on or about August 30, 2019.

13. Defendant acquired Plaintiff's former employer Legacy Aviation LLC effective in or about February of 2019.

14. Toward the latter part of Plaintiff's tenure and through her termination, Plaintiff was primarily supervised by Chief Operating Officer ("COO"), Alex Souponetsky (*hereinafter* "Souponetsky"), and generally supervised by Defendant's owner Moshe Wechsler (*hereinafter* "Wechsler").

15. Throughout her tenure with Defendant, Plaintiff was a hard-working employee who performed her job well.

16. Plaintiff was also the oldest and most experienced member of Defendant's Customer Service Department.

17. Based on information and Plaintiff's observations/personal experiences, Defendant's management, including but not limited to Souponetsky and Wechsler began a campaign to terminate older employees, clearly favoring younger employees and exhibiting

discriminatory animus toward Plaintiff and other older employees. For example, but not intended to be an exhaustive list:

   a. Shortly after Defendant's new owners and management took over in or about February of 2019, they began to terminate several older employees and, upon information and belief, replaced them with substantially younger new hires;

   b. Unlike Plaintiff's younger co-workers, Defendant's management treated Plaintiff and other older co-workers in a derogatory and condescending manner;

   c. Unlike Plaintiff's younger co-workers, Defendant's management scrutinized and criticized the work of Plaintiff and other older workers;

   d. Unlike Plaintiff's younger co-workers, Defendant's management selectively enforced policies against Plaintiff and her older co-workers;

   e. In or about June of 2019, Defendant's management cut Plaintiff's hours by 9 hours per week. While Defendant's management cut customer service hours across the board, upon information and belief, Plaintiff's hours were cut drastically more than her substantially younger customer service co-worker, Terrence Hayes (age 30s – *hereinafter* "Hayes"); and

   f. On one occasion, while Plaintiff was straightening up Defendant's front lobby display (filled with books, accessories, etc.), Souponetsky told Plaintiff not to bother as Hayes would be ordering t-shirts to display because "**he** is in the age group to target sales."

18.   After observing the aforementioned instances of age discrimination and disparate treatment for months, Plaintiff was abruptly terminated by Souponetsky on or about August 30, 2019. Plaintiff was informed by Souponestsky that the "new owners," including but not limited

to Wechsler, wanted a "younger, fresher look," that "aviation was for the younger generation," and they wanted a "younger face at the customer service desk." Souponestsky further informed Plaintiff that "maybe it is time you retire."

19. Upon information and belief, after Plaintiff was terminated, her job duties have been performed by a much younger (age 20s), less experienced individual hired shortly before Plaintiff was terminated, who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant. Defendant also retained Plaintiff's substantially younger customer service co-worker, Hayes.

20. Without having been the subject of any progressive discipline during her tenure with Defendant, Plaintiff was terminated over less senior and less experienced employees that were retained.

21. Plaintiff believes and therefore avers that she was terminated from her position with Defendant because of her advanced age.

## COUNT I
### Violation of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination)

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. During her 22-year tenure with Defendant, Plaintiff had no history of significant discipline.

24. Plaintiff was abruptly terminated on or about August 30, 2019, and told the purported reason for her termination was that Defendant wanted a "younger, fresher look," that

"aviation was for the younger generation," that they wanted a "younger face at the customer service desk," and that "maybe [Plaintiff] should retire."[2]

25. Plaintiff was treated disparately with respect to hours, enforcement of policies, and termination contrary to individuals substantially younger than her.

26. Upon information and belief, after Plaintiff was terminated, her job duties have been performed by a much younger (age 20s), less experienced individual hired shortly before Plaintiff was terminated, who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

27. Therefore, Plaintiff believes and avers her termination was due to her advanced age.

28. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

---

[2] Where a plaintiff presents sufficient direct evidence, the Court need not consider whether that claim may proceed under a *McDonnell Douglas* theory. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("'[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.'" (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985))). "[I]n *Gross v. FBL Financial Services, Inc.*, the Supreme Court further held that a plaintiff bringing an age discrimination claim "must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 586 (E.D. Pa. 2013)(citation omitted). Direct evidence means evidence sufficient to allow the jury to find that "the 'decision makers placed substantial negative reliance on [the plaintiff's age] in reaching their decision'" to fire him. *Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 976 (3d Cir. 1998) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); *see also Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 248 (3d Cir. 2002) (same). Such evidence "leads not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it" when he made the challenged employment decision. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1097 (3d Cir. 1995).

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

                                                                           Respectfully submitted,

                                                            **KARPF, KARPF & CERUTTI, P.C.**

                                                   By: _____
                                                      Ari R. Karpf, Esq.
                                                      3331 Street Road
                                                      Two Greenwood Square, Suite 128
                                                      Bensalem, PA 19020
                                                      (215) 639-0801

Dated: January 10, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Paulette Fegley | CIVIL ACTION |
| v. | |
| Fly Legacy Aviation LLC | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 1/10/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5526 N. 6th Street, Philadelphia, PA 19120

Address of Defendant: 9800 Ashton Road, Philadelphia, PA 19114

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/10/2020     _____     ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/10/2020    _____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FEGLEY, PAULETTE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
FLY LEGACY AVIATION LLC

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/10/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[ Print ]  [ Save As... ]  [ Reset ]